UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EARL WEBB, JR.

       Plaintiff,

  v.

JOYCE A. CAMPBELL, et al.,

       Defendants.

Case No. 1:15-cv-348

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I.  Background**

This action is before the Court on the *pro se* Plaintiff's application to proceed *in forma pauperis*. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); *see also Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990)(explaining procedure for screening *in forma pauperis* actions). Upon review, the undersigned finds that this action should be dismissed because Plaintiff fails to state any claim upon which relief may be granted.

**II. Analysis**

**A. General Standards Applicable to Complaints Filed *In Forma Pauperis***

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). A

complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Hill,* 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2) (B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U .S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the

3

defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

Application of these general standards to Plaintiff's complaint favors dismissal of this case for failure to state a claim.

### B. Plaintiff's Complaint

Plaintiff has marked a box on the form used to file his complaint that alleges subject matter jurisdiction under 28 U.S.C. §1343, ordinarily used for a "civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution" and 28 U.S.C. §1331, ordinarily used for a lawsuit "arising under the Constitution, laws, or treaties of the United States." (Doc. 1-1 at 2).

From a review of the body of the complaint, it appears that Plaintiff is attempting to sue Judge Joyce A. Campbell and Officer Todd Adamson for violating his due process and/or equal protection rights. Plaintiff alleges his due process rights were violated when Officer Adamson of the Fairfield Police Department issued a citation, summoning plaintiff to appear before Judge Campbell. An Incident Report Form attached to the complaint reflects that on April 18, 2015, Officer Adamson responded to a possible drug overdose at a trailer park. Apparently unrelated to that incident, upon the officer's arrival he discovered a physical fight between a person identified as James Lewis and Plaintiff. The incident report states that both men were issued summons for disorderly conduct and released, without being taken into custody. (Doc. 1-2 at 2-3). Plaintiff's complaint alleges that "[p]ermitting police to summons me to court denies equal rights under the law and due process." Plaintiff alleges that "[a] ticket is never a

4

summons despite the intentions of the legislature," and argues that when he was issued a summons/ticket by the defendant officer, there was "no pending case." He argues that he is required to go to court to appear on charges only if a prosecutor decides to file a complaint. Plaintiff asserts that "[p]ermitting police to summons me to court denies equal protection under const. law." (Doc. 1-1 at 5). Plaintiff seeks "dismissal of charges and compensation for emotional duress, pain and suffering, and all expenses involved throughout the process." (Doc. 1-1 at 4).

Liberally construing the allegations, it appears that Plaintiff is seeking to file a civil rights suit under 42 U.S.C. §1983. In truth, however, Plaintiff's complaint is devoid of any reference to <u>any</u> civil rights statute. There is no allegation that would suggest that any particular claim exists under 42 U.S.C. §1983, Plaintiff's complaint is subject to dismissal for two reasons: (1) his allegations fail to state a claim upon which relief may be granted; and (2) claims against Judge Campbell are barred by the doctrine of judicial immunity.

To state a § 1983 claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 Fed. Appx. 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). Notwithstanding his allegations of unconstitutional conduct by *someone*, Plaintiff has not alleged any facts suggesting he was deprived of a right secured by the constitution or that the deprivation was caused by either of the named Defendants acting "under color of State law."

For instance, his only allegation against Defendant Officer Adamson is that he issued a citation to Plaintiff that contained a summons. In order to state a claim against that Defendant, Plaintiff must clearly identify a deprivation of a constitutional right. His complaint briefly alludes to "due process" and "equal protection." However, no allegation even remotely suggests a violation of his substantive due process rights. Similarly, although Plaintiff uses the phrase "equal protection," his complaint is devoid of any supporting allegations that Plaintiff is a member of a protected class, or that Officer Adamson treated him differently on the basis of any specific characteristics. Therefore, applying the most reasonable and liberal construction of Plaintiff's complaint, the undersigned assumes that he is alleging that Officer Adamson violated his procedural due process rights by issuing the citation/summons in lieu of taking him into custody for disorderly conduct.

Pursuant to Ohio Code §2935.26, a police officer is authorized to issue a citation, containing a summons, when the officer would otherwise be authorized to arrest the individual for the commission of a minor misdemeanor. *See generally* Ohio Rev. Code § 2935.26. Although Plaintiff implies that he is challenging the underlying constitutionality of the Ohio statute itself, he has filed his suit against Officer Adamson, who clearly acted within the scope of his authority under existing Ohio law. *See generally Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556, 562-564 (6th Cir. 2011)(holding that in order to recover damages against a government official, a plaintiff allege with particularity "facts that demonstrate what *each* defendant did to violate the asserted constitutional right."). There is no controlling authority that supports Plaintiff's assertion that an officer who issues a ticket summoning him to appear in court violates Plaintiff's

6

procedural due process rights.  At the very least, then, Defendant Adamson is entitled to qualified immunity to the extent he is sued in his individual capacity.  Qualified immunity applies to any government official engaged in the performance of discretionary functions, absent allegations that his conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Just as Plaintiff's allegations against Defendant Adamson fall short of alleging any violation of a constitutional right sufficient to state a claim under §1983, and/or are barred by qualified immunity, so too do Plaintiff's allegations against Defendant Campbell fail to state a claim.  First, as explained, Plaintiff's allegations fail to state any violation of any procedural due process or equal protection right.  In addition, as a state judicial officer, Judge Campbell is entitled to the protection of the doctrine of absolute judicial immunity.  That doctrine bars claims for money damages as well as claims for injunctive and declaratory relief. *See generally Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).  The doctrine of judicial immunity applies to § 1983 actions. *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir.2001).   Plaintiff's sole allegations against Judge Campbell are that she is the presiding judicial officer who "denied me free assistance of counsel" in the Fairfield Municipal Court.  (Doc. 1-1 at 3).  He further alleges that Judge Campbell "allowed Officer Todd Adamson to summons me to court, permitting the police to summon me to court denies equal protection under the law. …Judge/Clerk have unconstitutionally usurped the function of the prosecutor; dismissal is my remedy violates 14th Amendment of the Constitution."  (Doc. 1-1 at 3).

Whether an act is judicial in nature depends on whether the act is a function normally performed by a judge and whether Plaintiff dealt with the judge in her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (citing *Stump*, 435 U.S. at 362). All of Plaintiff's allegations make abundantly clear that Judge Campbell's actions were judicial in nature; therefore, she is entitled to absolute judicial immunity from suit in this case.

### III. Conclusion and Recommendation

For the reasons explained above, **IT IS RECOMMENDED THAT** Plaintiff's complaint be DISMISSED with prejudice for failure to state a claim, and that this case be CLOSED.

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

EARL WEBB, JR.

        Plaintiff,

v.

JOYCE A. CAMPBELL, et al.,

        Defendants.

Case No. 1:15-cv-348

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).